UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE RIGGS et al.,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTRY MANOR LA MESA HEALTHCARE CENTER,<br><br>Defendant. | Case No.: 21-CV-331-CAB-DEB<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>[Doc. No. 10] |

This matter is before the Court on Plaintiff's motion to remand. The Court deems the motion suitable for submission without oral argument, so the parties' requests for a hearing are denied.[1] For the following reasons, the motion to remand is granted.

**I.      Background**

On December 18, 2020, Plaintiffs Dale Riggs and David Riggs filed a complaint in San Diego County Superior Court for claims arising out of the death of Donna Riggs ("Decedent"), who resided at a facility run by Defendant Country Manor La Mesa

---

[1] Defendant's unopposed request for judicial notice [Doc. No. 12] is granted. Defendant's ex parte application to submit a supplemental brief [Doc. No. 13] is also granted.

Healthcare Center. The factual allegations in the complaint, which is on a form pleading paper, consist almost entirely of the following:

> Decedent was under Defendant's care and treatment from May 2020 through July 14, 2020. In or around July 8, 2020, Decedent's roommate at Defendant's facility tested positive for COVID-19. Decedent's roommate was transported from Defendant's facility to Sharp Grossmont Hospital because she was suffering from severe cough and fever. Sharp Grossmont Hospital diagnosed Decedent's roommate with COVID-19. Once Decedent's roommate was released by Sharp Grossmont, she returned to Defendant's facility. Defendant placed Decedent's roommate back into the same room as Decedent even though Defendant knew Decedent's roommate had COVID-19. On July 14, 2020, Decedent was transported to Sharp Grossmont Hospital and diagnosed with COVID-19. Decedent died on August 5, 2020 from COVID-19. Plaintiff Dale Riggs also contracted COVID-19 from Decedent's roommate at Defendant's facility.

[Doc. No. 1-7 at 5.] Based on these allegations, the complaint asserts claims of medical malpractice-wrongful death and elder abuse resulting in Decedent's death because Defendant did not isolate Decedent's roommate from Decedent when the roommate returned from the hospital after being diagnosed with COVID-19. The complaint also asserts a claim for negligence resulting in Plaintiff Dale Riggs contracting COVID-19.

On February 24, 2021, Defendant removed the complaint to federal court. Plaintiff now moves to remand based on lack of subject matter jurisdiction.

## II. Legal Standards

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute. . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Thus, it is "presume[d] that federal courts lack jurisdiction unless the contrary appears affirmatively from the record." *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1056 (9th Cir. 2018) (quoting *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006)). "The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S.

28, 32 (2002) (internal quotation marks and citation omitted). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted). Courts must "strictly construe the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* "Where doubt regarding the right to removal exists, a case should be remanded to state court." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

### III. Discussion

Between its notice of removal and its opposition to the instant motion, Defendant makes three arguments for why its removal was proper. First, it contends that the Public Readiness and Emergency Preparedness Act, 42 U.S.C. § 247d-6d (2006) (the "PREP Act"), completely preempts Plaintiffs' claims. Second, it contends that Plaintiffs' claims "present a substantial, embedded question of federal law," giving rise to federal question jurisdiction under the standards set forth in *Grable & Sons Metal Products, Inc. v. Darue Engineering and Manufacturing*, 545 U.S. 308 (2005). Finally, Defendant contends that federal officer removal jurisdiction exists under 28 U.S.C. § 1442(a)(1) because Plaintiffs' claims are based on Defendant's conduct "acting under" the direction of federal authorities with respect to its care of Decedent. Like the overwhelming majority of district courts considering the propriety of the removal of substantively indistinguishable cases, the Court is not persuaded by any of these arguments for the existence of subject matter jurisdiction here.

### A. Complete Preemption

Defendant argues that the Court has subject matter jurisdiction because Plaintiffs' claims, all of which are made under state law, are completely preempted by the PREP Act. "Complete preemption refers to the situation in which federal law not only preempts a state-law cause of action, but also substitutes an exclusive federal cause of action in its place." *Hansen*, 902 F.3d at 1057. "[C]omplete preemption is rare." *Id.* (internal quotation

marks omitted). Indeed, the Supreme Court has identified only three statutes that completely preempt state law claims: (1) § 301 of the Labor Management Relations Act (the LMRA), 29 U.S.C. § 185; (2) § 502(a) of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132(a); and (3) §§ 85 and 86 of the National Bank Act, 12 U.S.C. §§ 85, 86. *City of Oakland v. BP PLC*, 969 F.3d 895, 905–06 (9th Cir. 2020). Thus, "complete preemption for purposes of federal jurisdiction under § 1331 exists when Congress: (1) intended to displace a state-law cause of action, and (2) provided a substitute cause of action." *Id*. at 906 (citing *Hansen*, 902 F.3d at 1057).

Although this exact issue does not appear to have been considered by an appellate court, district courts in the Ninth Circuit and around the country have consistently held that the PREP Act does not satisfy these requirements for complete preemption. *See, e.g., Robin Roebuck v. Mayo Clinic,* No. CV-21-00510-PHX-DLR, 2021 WL 1851414, at *5 (D. Ariz. May 10, 2021) ("[T]he Court joins the growing consensus finding that the PREP Act is not a complete preemption statute. The PREP Act does not satisfy the Ninth Circuit's complete preemption test because it does not completely replace state law claims related to COVID-19 and does not provide a substitute cause of action for [Plaintiff's] medical negligence claim."); *Golbad v. GHC of Canoga Park*, No. 221CV01967ODWPDX, 2021 WL 1753624, at *2 (C.D. Cal. May 4, 2021) ("[S]imply put, the PREP Act does not satisfy the Ninth Circuit's two-part complete preemption test."); *Padilla v. Brookfield Healthcare Ctr.*, No. CV 21-2062-DMG (ASX), 2021 WL 1549689, at *4 (C.D. Cal. Apr. 19, 2021) ("Nearly every other federal court addressing the issue of complete preemption has found that the PREP Act is not a statute with complete preemptive effect."); *see also Bolton v. Gallatin Ctr. for Rehab. & Healing, LLC*, No. 3:20-CV-00683, 2021 WL 1561306, at *7 (M.D. Tenn. Apr. 21, 2021) ("[N]early every district court to consider whether the PREP Act completely preempts similar state-law claims against nursing homes has concluded the PREP Act is not a complete preemption statute, or at least does not have such an effect on

claims like those presented here.") (internal quotation marks and citation omitted).[2] The Court finds the reasoning of these cases, and of the cases on which these cases rely, persuasive and adopts it here. Plaintiffs' claims are not completely preempted by the PREP Act.

## B. Federal Question Jurisdiction Under *Grable*

Next, Defendant argues that the complaint contains embedded questions of federal law, creating subject matter jurisdiction under *Grable*. Under *Grable*, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013). "Only a few cases have fallen into this slim category, including: (1) a series of quiet-title actions from the early 1900s that involved disputes as to the interpretation and application of federal law. . .; (2) a shareholder action seeking to enjoin a Missouri corporation from investing in federal bonds on the ground that the federal act pursuant to which the bonds were issued was unconstitutional; and (3) a state-quiet title action claiming that property had been unlawfully seized by the Internal Revenue Service (IRS) because the notice of the seizure did not comply with the Internal Revenue Code. . . ." *City of Oakland*, 969 F.3d at 904 (internal citations omitted).

District courts have consistently rejected healthcare providers' or assisted living facilities' arguments that claims arising out of patients or residents getting COVID-19 raise

---

[2] *But see Garcia v. Welltower OPCo Grp. LLC*, No. SACV 20-02250 JVS, 2021 WL 492581, at *7 (C.D. Cal. Feb. 10, 2021 (holding, based on advisory opinions from the Department of Health and Human Services, that the PREP Act provides for complete preemption). *Garcia*, however, is in the minority, and "all of the federal district court decisions reported on Westlaw that cite to and consider *Garcia* have declined to follow its lead." *Estate of Ruby P. Parr v. Palm Garden of Winter Haven, LLC*, No. 8:21-CV-764-SCB-SPF, 2021 WL 1851688, at *2 (M.D. Fla. May 10, 2021) (joining "with all of the district courts that have addressed the issue and concluded that the PREP Act does not provide complete preemption, and thus, it does not provide a basis for federal question jurisdiction"); *see also Golbad*, 2021 WL 1753624, at *3 (noting that "[t]he court in *Garcia* deferred to the HHS Secretary's opinion of PREP Act complete preemption, but did not consider the Ninth Circuit's two-part complete preemption test.").

embedded federal issues with respect to the PREP Act. Indeed, the state law claims in Plaintiffs' complaint do not raise any federal issues; only Defendant's potential defenses under the PREP Act do. This is not enough to implicate *Grable*. "No federal issue is 'necessarily raised' by Plaintiffs' complaint because an interpretation of the PREP Act is not an essential element of any of Plaintiffs' state law claims." *Hopman v. Sunrise Villa Culver City*, No. 221CV01054RGKJEM, 2021 WL 1529964, at *6 (C.D. Cal. Apr. 16, 2021); *see also Padilla*, 2021 WL 1549689 (finding no subject matter jurisdiction under *Grable* based on PREP Act defense). "[A] case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987). Accordingly, there is no subject matter jurisdiction based on an embedded federal question.[3]

### C. Federal Officer Jurisdiction

Finally, Defendant argues that removal was proper under 28 U.S.C. § 1442(a)(1) because it was "acting under" the direction of a federal officer. "To invoke § 1442(a)(1) removal, a defendant in a state court action 'must demonstrate that (a) it is a "person" within the meaning of the statute; (b) there is a causal nexus between its actions, taken pursuant to a federal officer's directions, and plaintiff's claims; and (c) it can assert a "colorable federal defense."'" *Fidelitad, Inc. v. Insitu, Inc.*, 904 F.3d 1095, 1099 (9th Cir. 2018) (citing *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251 (9th Cir. 2006)). Defendant contends that federal officer removal is justified here because it was deemed "critical infrastructure" and was acting pursuant to guidelines established by the Centers for Disease Control and other governmental entities.

---

[3] Because Plaintiffs' claims do not raise a substantial federal issue, the Court need not consider the remaining requirements articulated in *Grable*. *City of Oakland*, 969 F.3d at 907.

Like Defendant's other arguments for the propriety of its removal, this argument has been consistently rejected by courts considering claims against assisted living facilities based on their actions during the COVID-19 pandemic. "[T]he help or assistance necessary to bring a private person within the scope of the statute does *not* include simply *complying* with the law." *Watson v. Philip Morris Companies, Inc.*, 551 U.S. 142, 152 (2007) (*emphasis* in original). Thus, "a highly regulated firm cannot find a statutory basis for removal in the fact of federal regulation alone." *Id.* at 153. As a result, "a company subject to a regulatory order (even a highly complex order) is [not] acting under a federal officer." *Fidelitad*, 904 F.3d at 1100 (citing *Watson*, 551 U.S. at 152-53.

Defendant argues that it was deemed "critical infrastructure" and was required to comply with guidelines and requirements the federal government instituted to combat the COVID-19 pandemic. As multiple other district courts have held, this is not enough to invoke federal officer removal. *See, e.g., Nava v. Parkwest Rehab. Ctr. LLC,* No. 220CV07571ODWAFMX, 2021 WL 1253577, at *2 (C.D. Cal. Apr. 5, 2021) (holding that "general regulations and directives" and being "subject to a high degree of federal regulation" is not enough for federal officer removal); *Saldana v. Glenhaven Healthcare LLC,* No. CV205631FMOMAAX, 2020 WL 6713995, at *3 (C.D. Cal. Oct. 14, 2020) (rejecting the defendants' argument that "in taking steps to prevent the spread of COVID-19, [they] did so in compliance with CDC and CMS directives, which were aimed at helping achieve the federal government's efforts at stopping or limiting the spread of COVID-19" as insufficient for federal officer removal because "[t]he directions Defendants point to are general regulations and public directives regarding the provision of medical services."). Accordingly, removal was not proper under 42 U.S.C. § 1442(a)(1) either.

### IV.  Conclusion

For the foregoing reasons, it is hereby **ORDERED** that Plaintiff's motion to remand is **GRANTED**. If Defendant notices an appeal of this order by **June 8, 2021**, this case will be **STAYED** pending resolution of Defendant's appeal. If Defendant does not notice an

appeal by June 8, 2021, the Court will remand the case to San Diego Superior Court. The pending motions to compel arbitration and to dismiss [Doc. Nos. 7, 8] are **DENIED AS MOOT** without prejudice to refiling in this Court if Defendant succeeds on its appeal and the Ninth Circuit finds that removal was proper, or to refiling in state court if Defendant does not appeal or if the Ninth Circuit affirms this order.

It is **SO ORDERED**.

Dated:  May 25, 2021

Hon. Cathy Ann Bencivengo
United States District Judge